IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL LOPEZ,

      Plaintiff,                 No. 2:08-CV-2104-RCF

      vs.

R. DION, et al.,

      Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE REQUEST TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT

Plaintiff Rafael Lopez is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### I. Request to Proceed In Forma Pauperis

A prisoner who brings a civil action in forma pauperis must submit a certified copy of his inmate account statement for the six month period immediately preceding the date that the prisoner filed his complaint. *See* 28 U.S.C. § 1915(a)(2). Here, plaintiff failed to include the certified inmate account statement with his initial request to proceed in forma pauperis, *see* Docket No. 2, which he filed with his complaint, *see* Docket No. 1, so this court denied his

1

request to proceed in forma pauperis without prejudice, provided him a court-approved in forma pauperis application form and instructed him to submit a certified account statement, *see* Docket No. 4. This court received a completed application form and certified account statement on October 20, 2008, but the certified account statement was for the six month period from April 15, 2008 through October 15, 2008, i.e., not the six months immediately preceding the filing of *the complaint* on September 8, 2008. *See* Docket No. 8.

Although plaintiff did not appear to have control over the date range reflected in the account statement – plaintiff signed the certificate of service on October 7, 2008, and the trust account statement was completed by a prison official on October 15, 2008 – the statement does not reflect whether plaintiff received deposits during a more than one month period relevant to calculating whether he must pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). If plaintiff wishes to proceed with this case, he must, <u>within 30 days from the service date of this order</u>, file a new application to proceed in forma pauperis that includes this information. The court will direct the Clerk of Court to send plaintiff a new court-approved in forma pauperis application form. When plaintiff submits the completed application form to the prison official to generate the account statement, he should request that the official complete the form and generate the account statement for the six month period from March 8, 2008 through September 8, 2008.

If his application is approved, plaintiff will be required to pay the full statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). He may be assessed an initial partial filing fee, *see* 28 U.S.C. § 1915(b)(1), and thereafter will be obligated for monthly payments of 20 percent of the preceding month's income credited to his prison trust account, which will be forwarded to the Clerk of the Court each time the amount in his account exceeds $10.00, until the filing fee is paid in full, *see* 28 U.S.C. § 1915(b)(2). Moreover, as the court explains below, in deciding whether to proceed, plaintiff may wish to consider whether he will be able to recover money damages on his claims.

II. Screening of Complaint

Under 28 U.S.C. § 1915A, this court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Pro se pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). This court must therefore determine whether plaintiff's complaint, liberally construed, states a cognizable claim for relief with respect to each named defendant.

The court has reviewed plaintiff's complaint and finds it states cognizable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against both defendants. Based on plaintiff's complaint, which was prepared by filling in blanks on a complaint form, and the various exhibits plaintiff appended to it, *see Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (holding courts may consider material that is properly submitted as part of the complaint in determining if the complaint states a claim upon which relief can be granted), the court distills the following factual allegations:

- On March 27, 2007, plaintiff was transferred from the general population to the administrative segregation ("AD/SEG") unit by Lt. J.C. Blim, who is not a named defendant, in retaliation for "a 602 appeal" (which appears to be an administrative grievance) plaintiff had previously filed. Complaint, p. 3.
- When plaintiff was transferred to AD/SEG, he retained his prisoner status level of "A-1-A." Complaint, p. 5 & Ex. A, p. 4.
- While in AD/SEG, unspecified prison officers insisted plaintiff share a cell with his "enemy." He refused. Complaint, pp. 3, 5 & Ex. A, p. 4.

3

1  • In retaliation against plaintiff for refusing to share a cell with his enemy and based on
2     false statements by unspecified prison officials, defendant Dion and unspecified members
3     of the prison's classification committee changed plaintiff's prisoner status to level "C."
4     Complaint, p. 5 & Ex. A, pp. 3, 5.
5  • On August 6, 2007, defendants Dion and Rogel took plaintiff's personal property that
6     had been placed in storage pending the outcome of the AD/SEG placement and disposed
7     of it against his wishes. Complaint, p. 3. This property included a television, a radio
8     with head phones, a typewriter and an electronic watch. Complaint, Ex. D & Ex. E, p. 1.

As relief, plaintiff's complaint seeks only that the Department of Corrections, which is not named as a defendant in this action, reimburse him for his missing property.

The alleged reclassification of plaintiff's prisoner status level and alleged disposal of his personal property are governed by the California Code of Regulations. Inmates with status level A who are placed in AD/SEG must have their property inventoried and stored pending the outcome of a committee review of their status level. *See* 15 C.C.R. § 3190(t). If the inmate is retained in AD/SEG, all allowable property as determined by the then-applicable regulations must be reissued to the inmate. *See id*. Inmates assigned to status level C, however, may not possess entertainment appliances and must dispose of any such property they possess in accordance with § 3191(c). *See* 15 C.C.R. § 3190(j)(2). Section 3191(c) requires inmates to chose one of five methods for disposing of non-allowable personal property: two allow the inmate to transmit the property to an individual outside the prison at his own expense, two allow the defendant to donate the property to charity or the prison and one allows the staff to dispose of the item consistent with its procedures. *See* 15 C.C.R. § 3191(c).

Deprivation of property without due process of law caused by official conduct under an established state procedure is actionable under the Due Process Clause of the Fourteenth Amendment, even if a post-deprivation tort action to recover damages for lost property exists. *See Hudson v. Palmer*, 468 U.S. 517, 532 & n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*,

4

455 U.S. 422 (1982)). Liberally construing his complaint, the court understands plaintiff to be complaining that defendants, without a prior hearing, deprived him of his entertainment appliances as a result of an established regulatory regime mandating its disposal against his will when he did not possess sufficient personal funds in his prison account to pay for shipping to a willing recipient. So construed, this sufficiently states a cognizable claim for violation of his due process rights. The complaint, however, seeks compensation from the California Department of Corrections, which plaintiff did not name as a defendant. Nonetheless, liberally construing plaintiff's complaint, the court concludes he seeks an award of money damages against the individual defendants to compensate him for property taken from him in violation of his due process rights, a remedy authorized under 42 U.S.C. § 1983.

Although plaintiff alleges that he was retaliated against when Lt. Blim placed him in AD/SEG, plaintiff did not name Lt. Blim as a defendant in the complaint and has not alleged defendants Dion and Rogel were aware of, or involved in, that initial placement. Accordingly, plaintiff's allegations about the impropriety of his initial placement in AD/SEG, as currently pled, are not germane to the claims against the named defendants. Plaintiff also alleges defendant Dion's reclassification of his prisoner status from level A to level C was retaliatory and based on false statements by unspecified individuals. Without more, these allegations are insufficient to state a cognizable claim for retaliation in violation of plaintiff's First Amendment rights, because (1) the complaint alleges plaintiff was reclassified as punishment for his refusal to accept the roommate prison staff assigned him, but fails to (a) explain why refusing to accept an assigned roommate is protected, expressive conduct or (b) allege the adverse action chilled his exercise of First Amendment rights, *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

5

legitimate correctional goal."), and (2) the complaint does not allege defendant Dion personally made false statements or relied on statements knowing they were false in changing plaintiff's prisoner status. The court will provide plaintiff with the opportunity to file an amended complaint stating a cognizable claim for retaliation within 30 days of the service date of this order, if plaintiff wishes to do so.

If plaintiff elects to amend his complaint, he is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading, absent court permission to the contrary. Accordingly, if plaintiff elects to amend his complaint, each claim and the involvement of each defendant must be sufficiently alleged, without reference to the complaint he already filed. He must also include new copies of the exhibits he attached to his complaint, unless he specifically asks in the amended complaint that the court transfer the exhibits from his original complaint to the amended complaint.

In sum, as discussed above, the court finds that plaintiff's complaint in some respects states a cognizable claim against defendants Dion and Rogel for a violation of his due process rights. Plaintiff should be aware that when a plaintiff seeks damages against public officials under § 1983 for violations of a plaintiff's constitutional rights, the public officials may choose to raise an affirmative defense known as qualified immunity. Unless the defendants' conduct violated a clearly established constitutional right of which a reasonable person would have known, the defendants will not have to pay any money damages (which is all plaintiff is seeking here). *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The court takes no position on whether a qualified immunity defense should be asserted or on the merits of such a defense in this case.

\* \* \*

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's petition to proceed in forma pauperis is denied without prejudice.
2. The Clerk of Court shall send plaintiff a new copy of the court-approved

1 | application to proceed in forma pauperis.

2 |     3.    Plaintiff shall, within 30 days from the service date of this order:

3 |         a.    Submit a properly completed application to proceed in forma pauperis on the form provided with this order and a certified copy of plaintiff's prison trust account statement for the six month period from March 8, 2008 through September 8, 2008;

        b.    Notify the court in writing that he does not wish to proceed with this action, in which case the court will dismiss the action without prejudice and plaintiff will not have to pay the $350.00 filing fee; or

        c.    Take no action, in which case the court will dismiss the action without prejudice and plaintiff will not have to pay the $350.00 filing fee.

    4.    Plaintiff may, within 30 days from the service date of this order, submit an amended complaint curing the deficiency noted with respect to his claim for retaliation.

DATED: March 20, 2009

/s/ Raymond C. Fisher

UNITED STATES CIRCUIT JUDGE
Sitting by Designation