IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL LOPEZ,

      Plaintiff,                       No. 2:08-CV-2104-RCF

      vs.

R. DION, et al.,

      Defendants.
_____/

## ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS
## AND SCREENING AMENDED COMPLAINT

Plaintiff Rafael Lopez is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This court previously denied plaintiff's request to proceed in forma pauperis without prejudice and screened his complaint without prejudice to filing an amended complaint. *See* Docket No. 11. Plaintiff has renewed his request to proceed in forma pauperis (Docket No. 12) and filed a document entitled "Amended Motion" (Docket No. 13), which this court construes as an amended complaint.

I. Request to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that substantially complies with the requirements of 28 U.S.C. § 1915(a). Docket No. 12. Accordingly, his request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). No initial partial filing fee will be assessed by this order.[1] 28 U.S.C. § 1915(b)(1). Going forward, plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to his prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in his account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening of Complaint

Under 28 U.S.C. § 1915A, this court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

The court has reviewed plaintiff's amended complaint, filed April 22, 2009 (Docket No. 13), and finds it states a cognizable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants J. Rogel, R. Dion and C. Heath. As noted in the court's order screening plaintiff's original complaint (Docket No. 11), deprivation of property without due process of law caused by official conduct under an established state procedure is actionable under the Due Process Clause of the Fourteenth Amendment, even if a post-deprivation tort

---

[1] Plaintiff's trust fund account statement shows that, in the six-month period preceding the filing of his complaint, no deposits were made into his prison trust fund account and the account at all times had a zero or negative balance. *See* Docket No. 12.

action to recover damages for lost property exists. *See Hudson v. Palmer*, 468 U.S. 517, 532 & n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)). Plaintiff's amended complaint alleges that defendants Rogel and Heath destroyed plaintiff's property, without a prior hearing, as a result of an established regulatory regime mandating its disposal against his will when he did not possess sufficient personal funds in his prison account to pay for shipping to a willing recipient. It further alleges defendant Dion directed Rogel and Heath to dispose of plaintiff's property. Accordingly, the court finds the amended complaint states cognizable claims that defendants violated plaintiff's due process rights.

Plaintiff also alleges defendants' reclassification of his prisoner status from level A to level C was retaliatory and based on false statements. These allegations generally mirror the allegations in plaintiff's original complaint, which this court found were insufficient to state a cognizable claim for retaliation in violation of plaintiff's First Amendment rights. *See* Docket No. 11. The amended complaint alleges plaintiff was reclassified as punishment for his refusal to accept the roommate prison staff assigned him, but fails to (a) explain why refusing to accept an assigned roommate is protected, expressive conduct or (b) allege the adverse action chilled his exercise of First Amendment rights, *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."). Although the amended complaint alleges that defendants fabricated the documents that led to plaintiff's reclassification to justify their own misbehavior, this relates to the alleged destruction of personal property, and not to any protected conduct by plaintiff. Accordingly, the court finds the amended complaint does not state a cognizable claim for retaliation in violation of plaintiff's First Amendment rights.

The amended complaint also contains a conclusory allegation that defendants' fabrication

of false documents and retaliation against him constituted cruel and unusual punishment. Plaintiff appears to be attempting to allege a violation of his Eighth Amendment rights. To establish an Eighth Amendment violation, an inmate must show prison officials inflicted pain on an inmate "maliciously and sadistically for the very purpose of causing harm" or demonstrated deliberate indifference to the conditions of confinement. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (internal quotation marks omitted). Plaintiff must also establish the prison official acted with a sufficiently culpable state of mind *and* the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Plaintiff does not allege that defendants' conduct caused him pain or that defendants intended to cause him pain. Moreover, plaintiff alleges defendants' conduct resulted only in a change to his prisoner classification status. To the extent this qualifies as a change in plaintiff's conditions of confinement, it is a change that occurs with some frequency in prisons, and plaintiff does not allege his altered classification status denies him "the minimal civilized measure of life's necessities," *id*. at 9. Accordingly, the court concludes plaintiff has failed to state a cognizable claim for violation of his Eighth Amendment rights.

Plaintiff also requests that this court expunge the allegedly false documents from his file. This request is denied, because it goes to the remedy and is not itself a separate cause of action. The court notes, however, that the California Department of Corrections is not a party to this action, that the named defendants are being sued under 42 U.S.C. § 1983 in their individual capacities and that plaintiff has stated a cognizable claim only for deprivation of his property without due process.

Finally, plaintiff's request that the documents attached to his original complaint be transferred to his amended complaint, as authorized by Local Rule 15-220, is granted.

In sum, as discussed above, the court finds that plaintiff's amended complaint states a cognizable claim against defendants Dion, Rogel and Heath only for a violation of plaintiff's due process rights.

\* \* \*

Accordingly, it is **ORDERED** as follows:

 1. Plaintiff's petition to proceed in forma pauperis is granted.

 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. No initial partial filing fee will be assessed. The Director of the California Department of Corrections or his designee, however, shall collect payments from plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

 3. The Clerk of Court is directed to transfer the attachments to the original complaint, filed on September 8, 2008 (Docket No. 1), to the amended complaint, filed on April 22, 2009 (Docket No. 13).

 4. Service is appropriate for the following defendants:

  a. Lieutenant J. Rogel

  b. Sergeant R. Dion

  c. Correctional Officer C. Heath

 5. The Clerk of the Court shall send plaintiff three (3) USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint.

 6. Within 30 days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

  a. The completed Notice of Submission of Documents form;

  b. One completed summons;

  c. One completed USM-285 form for each defendant listed in number 4 above; and

1                 d.     Four (4) copies of the endorsed amended complaint, filed April 22, 2009.

2     7.     Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    8.     Plaintiff's First Amendment claim is DISMISSED without prejudice. Plaintiff is granted 30 days from the date of this order to file an amended complaint asserting a cognizable First Amendment claim.

    9.     Plaintiff's Eighth Amendment claim is DISMISSED without prejudice. Plaintiff is granted 30 days from the date of this order to file an amended complaint asserting a cognizable Eighth Amendment claim.

DATED: May 6, 2009

/s/ Raymond C. Fisher
_____
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

|     |     |     |
| --- | --- | --- |
| 1   | IN THE UNITED STATES DISTRICT COURT | |
| 2   | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 3   |     | |
| 4   | RAFAEL LOPEZ, | |
| 5   |     Plaintiff, | No. 2:08-CV-2104-RCF |
| 6   |   vs. | |
| 7   | R. DION, et al., | <u>NOTICE OF SUBMISSION</u> |
| 8   |     Defendants. | <u>OF DOCUMENTS</u> |
| 9   | _____/ | |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the Amended Complaint

DATED:

    _____

    Plaintiff