UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAFAEL LOPEZ,                                          No. 2:08-CV-2104-RCF (P)

        Plaintiff,

  vs.                                                             <u>SECOND INFORMATIONAL ORDER,
MOTION TO DISMISS NOTICE AND</u>
R. DION, et al.,                                              <u>SUMMARY JUDGMENT NOTICE</u>

        Defendants.
_____/

Parties to this litigation shall take note of the following requirements:

1.    Defendants must reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rule of Civil Procedure (Fed. R. Civ. P. 12(a)).

2.    Local Rule 78-230(m) of the Local Rules of the United States District Court, Eastern District of California (Local Rule 78-230(m)), sets forth rules and practices for filing motions in cases brought by prisoners proceeding pro se. These rules are in many respects more generous to parties than those that the Court ordinarily applies.

Accordingly, unless the Court orders otherwise, all motions, except motions to dismiss for lack of prosecution, shall be submitted upon the record without oral argument. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of a motion shall

be served and filed with the Clerk by the responding party not more than 18 days, plus 3 days for mailing or electronic service, after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. The moving party may, not more than 5 court days after the opposition is served, plus 3 days for mailing or electronic service, serve and file a reply to the opposition. All such motions will be deemed submitted 28 days after the service of the motion or when the reply is filed, whichever comes first.

Failure of the responding party to file opposition or to file a statement of no opposition might be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. This means that the Court could deem plaintiff's failure to oppose defendants' motion to dismiss to be a waiver and grant defendants' motion on that basis.

3. At some point in the litigation, defendants might file a motion to dismiss for failure to exhaust administrative remedies as to one or more claims in the complaint. The failure to exhaust administrative remedies is subject to a motion to dismiss under Fed. R. Civ. P. 12(b). *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* If this Court concludes that plaintiff has not exhausted administrative remedies, the case will be dismissed without prejudice. *See id.* at 1120. This means that this case will end. If plaintiff exhausts administrative remedies at a later date, he may file his claims in a new action.

If defendants move to dismiss under Fed. R. Civ. P. 12(b) for failure to exhaust administrative remedies, plaintiff may not simply rely on allegations in the complaint. Instead, plaintiff must oppose the motion by setting forth specific facts in declaration(s) and other evidence regarding the exhaustion of administrative remedies. *See* Fed. R. Civ. P. 43(e); *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988) (per curiam). If plaintiff does not submit his own evidence in opposition, the Court might conclude

1  that plaintiff has not exhausted administrative remedies and the case will be dismissed.

2      4.    At some point in the litigation, one or more defendants might move for summary
3  judgment as to some or all of plaintiff's claims.  In accordance with *Klingele v. Eikenberry*, 849
4  F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a
5  motion for summary judgment made by defendants under Fed. R. Civ. P. 56.  Such a motion is a
6  request for an order for judgment on some or all of plaintiff's claims in favor of defendants
7  without trial.  *See* Fed. R. Civ. P. 56(b).  Defendant(s)' motion will set forth the facts that
8  defendants contend are not reasonably subject to dispute and that entitle defendant to judgment
9  as a matter of law.  *See* Fed. R. Civ. P. 56(c).

10  Plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion,
11  plaintiff must show proof of his claims.  Plaintiff may agree with the facts set forth in
12  defendant(s)' motion but argue that defendant(s) are not entitled to judgment as a matter of law.
13  Plaintiff may show defendant(s)' facts are disputed in one or more of the following ways: (1)
14  plaintiff may rely upon statements made under the penalty of perjury in the complaint if the
15  complaint shows that plaintiff has personal knowledge of the matters stated and if plaintiff calls
16  to the Court's attention those parts of the complaint upon which he relies; (2) plaintiff may
17  also serve and file affidavits or declarations[1] setting forth the facts that plaintiff believes prove
18  his claims (the persons who sign the affidavit or declaration must have personal
19  knowledge of the facts stated); (3) plaintiff may also rely upon written records, but plaintiff must

---

[1] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath.  An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746.  Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence.  *See* Fed. R. Civ. P. 56(e).

prove that the records are what he claims they are;[2] (4) plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should plaintiff fail to contradict defendant(s)' motion with affidavits, declarations or other evidence, defendant(s)' evidence will be taken as true, and final judgment may be entered without a full trial.  *See* Fed. R. Civ. P. 56(e).

If there is some good reason why such facts are not available to plaintiff when required to oppose such a motion, the Court will consider a request to postpone considering defendant(s)' motion.  *See* Fed. R. Civ. P. 56(f).  If plaintiff does not serve and file a request to postpone consideration of defendant(s)' motion or written opposition to the motion, the Court might consider plaintiff's failure to act to be a waiver of opposition to defendant(s)' motion.  Plaintiff's waiver of opposition to defendant(s)' motion might result in the entry of summary judgment against plaintiff.

5. A motion supported by affidavits or declarations that are unsigned will be stricken.

6. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the United States District Court, Eastern District of California, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

/////

DATED:  June 17, 2009

/s/ Raymond C. Fisher
Raymond C. Fisher,
United States Circuit Judge
Sitting by Designation

---

[2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. Fed. R. Civ. P. 56(e).