UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL LOPEZ, | No. 2:08-CV-2104-RCF (P) |
| Plaintiff, | |
| vs. | ORDER DENYING LEAVE TO FILE SECOND AMENDED COMPLAINT AND DISMISSING FIRST AND EIGHTH AMENDMENT CLAIMS WITH PREJUDICE |
| R. DION, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Rafael Lopez is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983.   Plaintiff also proceeds in forma pauperis under 28 U.S.C. § 1915. Before the court is a document entitled "Amended Motion First (1st) Amendment," filed June 22, 2009 (Docket No. 23), which this court construes as an amended complaint.  This would be plaintiff's second amended complaint.  *See* Docket No. 1 (original complaint); Docket No. 13 (first amended complaint).  The second amended complaint contains only one claim for relief: that defendants J. Rogel, R. Dion and C. Heath retaliated against plaintiff in violation of the First Amendment.

1.    *Denial of leave to file second amended complaint*

On May 7, 2009, this Court screened plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A(a) and found that plaintiff presented a colorable claim as to defendants J. Rogel,

1    R. Dion and C. Heath for deprivation of property without due process of law.  *See* Docket No.

2    14, at 2-3.  The court, however, found plaintiff had not stated cognizable claims against

3    defendants for retaliation in violation of the First Amendment or under the Eighth Amendment,

4    *see id*. at 3-4, dismissing those claims without prejudice to plaintiff's filing an amended

5    complaint within 30 days stating cognizable First and Eighth Amendment claims, *see id*. at 6.

6        Plaintiff signed and dated the pleading now before the court on June 17, 2009.  Even

7    assuming plaintiff delivered it to prison officials for filing that day and with the benefit of the

8    "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), *see Douglas v. Noelle*, 567 F.3d 1103,

9    1106-07 (9th Cir. 2009) (applying mailbox rule to § 1983 suits filed by pro se prisoners),

10   plaintiff filed the amended complaint nine days after the deadline this court set in its screening

11   order and has not sought leave to file his second amended complaint outside the deadline the

12   court established.  *See* Fed. R. Civ. P. 15(a)(1)(A) (stating plaintiff may amend complaint only

13   once as a matter of course) & 15(a)(2) (stating subsequent amendments are allowed only with

14   opposing party's written consent or by court's leave).

15       Leave to amend ordinarily should be freely given to pro se litigants, especially before

16   defendants have filed a responsive pleading.  *See Flowers v. First Hawaiian Bank*, 295 F.3d 966,

17   976 (9th Cir. 2002).  Nonetheless, under the circumstances, the court declines to do so here for

18   several reasons.  First, plaintiff failed to meet the court's deadline or seek an extension, and, as

19   this court's orders have made clear, the parties are expected to comply with the court's

20   deadlines, *see, e.g.*, Docket No. 17; Docket No. 19, at 4.  More importantly, granting leave to

21   amend would actually be contrary to the interests of justice.  *Cf.* Fed. R. Civ. P. 15(a)(2) (stating

22   leave to amend should be freely given when justice so requires).  The second amended complaint

23   contains no factual allegations concerning the First Amendment retaliation claim beyond those

24   that the court found in its two prior screening orders were insufficient to state a cognizable

25   claim.  *See* Docket No. 11, at 5-6; Docket No. 14, at 3.  As explained below, the amendment

26   would therefore be futile.  *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir.

2

1    1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid

2    reason for a district court to deny a party leave to amend.").  Additionally, the second amended

3    complaint contains only the First Amendment retaliation claim.  Plaintiff has therefore not

4    complied with Local Rule 15-220, which requires that an amended complaint be complete in

5    itself without reference to any prior pleading.  *See* Docket No. 11, at 6 (explaining Local Rule

6    15-220's requirements).  The second amended complaint does not include factual allegations or

7    allege a cause of action against defendants for deprivation of property in violation of plaintiff's

8    due process rights, which was the one cognizable claim the court recognized in both of

9    plaintiff's prior pleadings, *see* Docket No. 11; Docket No. 14.  The second amended complaint

10   also does not include an allegation that plaintiff exhausted administrative remedies or contain

11   copies of the exhibits demonstrating he has exhausted administrative remedies that supported his

12   prior pleadings.  Thus, if the court granted plaintiff leave to file the second amended complaint,

13   not only would the court be obligated to dismiss the second amended complaint for failure to

14   exhaust administrative remedies, *see Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009)

15   (noting 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before

16   bringing § 1983 action), and for failure to state a cognizable First Amendment retaliation claim,

17   but the court also would have to dismiss with prejudice plaintiff's cognizable due process claim

18   because it is not included in the second amended complaint, *see Marx v. Loral Corp.*, 87 F.3d

19   1049, 1055 (9th Cir. 1996) ("Ninth Circuit authority clearly states that all causes of action

20   alleged in an original complaint which are not alleged in an amended complaint are waived."

21   (internal quotation marks and alteration omitted)); *see also London v. Coopers & Lybrand*, 644

22   F.2d 811, 814 (9th Cir. 1981).

23       Accordingly, the court declines to allow plaintiff to file the second amended complaint

24   outside the deadline the court established in its May 7, 2009 screening order.  The second

25   amended complaint is therefore stricken from the record, and the first amended complaint, filed

26   April 22, 2009 (Docket No. 13), remains the operative pleading.

2.    *Dismissal with prejudice of First and Eighth Amendment claims*

Plaintiff has now attempted to allege a First Amendment retaliation cause of action on three separate occasions, each time failing (a) to explain why refusing to accept an assigned roommate is protected, expressive conduct or (b) to allege the adverse action chilled his exercise of First Amendment rights, *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.2005).  The court therefore finds it would be futile to allow plaintiff further opportunities to amend his complaint as to that claim and dismisses plaintiff's First Amendment retaliation claim with prejudice.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir.1995) (per curiam) (holding dismissal of pro se complaint without leave to amend is proper only after pro se litigant is notified of complaint's deficiencies and given opportunity to amend).  Also, as plaintiff conceded in his latest filing, *see* Docket No. 23, at 3, it would be futile to allow plaintiff to amend his complaint to state a claim under the Eighth Amendment.  The court finds plaintiff cannot allege any set of facts establishing that a change in his prisoner classification status constitutes cruel and unusual punishment under the Eighth Amendment, *see* Docket No. 17, at 3-4, so his Eighth Amendment claim is dismissed with prejudice.

\* \* \*

Accordingly, it is ORDERED as follows:

1.    Plaintiff's Amended Motion First (1st) Amendment, filed on June 22, 2009 (Docket No. 23), is stricken from the record.

2.    Plaintiff's first amended complaint, filed April 22, 2009 (Docket No. 13), remains the operative pleading, and the deadlines established in the court's service order, filed June 17, 2009 (Docket No. 21), remain in effect.

3.    With respect to plaintiff's first amended complaint:

a.    Plaintiff's First Amendment retaliation claim is dismissed with prejudice.

b.    Plaintiff's Eighth Amendment claim is dismissed with prejudice.

1        c.       This case shall proceed only on the § 1983 claim in the first amended

2                 complaint alleging defendants Rogel, Dion and Heath violated plaintiff's

3                 due process rights.

4    /////

5    DATED:  July 9, 2009

6                                                /s/ Raymond C. Fisher
                                                 Raymond C. Fisher
7                                                United States Circuit Judge
                                                 Sitting by Designation
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26