UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAFAEL LOPEZ,

    Plaintiff,

    v.

R. DION, J.K. ROGEL and C. HEATH,

    Defendants.

No. 2:08-CV-2104 RCF (P)

**INFORMATIONAL ORDER REGARDING SUMMARY JUDGMENT**

---

Defendants filed a motion for summary judgment on February 12, 2010. The Court issues this order to remind plaintiff of his obligations to respond to the motion.

Under Eastern District Local Rule 230(l), plaintiff's opposition – if any – to the granting of the motion shall be served and filed not more than 21 days after the date upon which defendants' motion for summary judgment was served.

> **Motions in Prisoner Actions**. All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition is served, serve and file a reply to the opposition. All such motions will be deemed submitted twenty-eight (28) days after the service of the motion or when the reply is filed, whichever comes first. *See* L.R. 135.

E.D. Cal. Local R. 230(l).

Plaintiff is also reminded of his obligations for opposing a motion for summary judgment. The Court advised plaintiff how to oppose a motion for summary judgment in the Second Informational Order entered by the Court on June 17, 2009. That order states:

1

At some point in the litigation, one or more defendants might move for summary judgment as to some or all of plaintiff's claims. In accordance with *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants under Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment on some or all of plaintiff's claims in favor of defendants without trial. *See* Fed. R. Civ. P. 56(b). Defendant(s)' motion will set forth the facts that defendants contend are not reasonably subject to dispute and that entitle defendant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in defendant(s)' motion but argue that defendant(s) are not entitled to judgment as a matter of law. Plaintiff may show defendant(s)' facts are disputed in one or more of the following ways: (1) plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and if plaintiff calls to the Court's attention those parts of the complaint upon which he relies; (2) plaintiff may also serve and file affidavits or declarations[1] setting forth the facts that plaintiff believes prove his claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated); (3) plaintiff may also rely upon written records, but plaintiff must prove that the records are what he claims they are;[2] (4) plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should plaintiff fail to contradict defendant(s)' motion with affidavits, declarations or other evidence, defendant(s)' evidence will be taken as true, and final judgment may be entered without a full trial. *See* Fed. R. Civ. P. 56(e).

If there is some good reason why such facts are not available to plaintiff when required to oppose such a motion, the Court will consider a request to postpone considering defendant(s)' motion. *See* Fed. R. Civ. P. 56(f). If plaintiff does not serve and file a request to postpone consideration of defendant(s)' motion or written opposition to the motion, the Court might consider plaintiff's failure to act to be a waiver of opposition to defendant(s)' motion. Plaintiff's waiver of opposition to defendant(s)' motion might result in the entry of summary judgment against plaintiff.

---

[1] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence. *See* Fed. R. Civ. P. 56(e).

[2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. Fed. R. Civ. P. 56(e).

A motion supported by affidavits or declarations that are unsigned will be stricken. *See* Docket #20.

DATED: February 22, 2010

/s/ Raymond C. Fisher
Raymond C. Fisher
United States Circuit Judge
Sitting by Designation