UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL LOPEZ, | No. 2:08-CV-2104 RCF (P) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| R. DION, J.K. ROGEL and C. HEATH, | |
| Defendants. | |

**I. Procedural History**

Plaintiff Rafael Lopez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Lopez's amended complaint filed April 22, 2009, as screened by order of this court entered May 7, 2009, against defendants Dion, Rogel and Heath for destroying plaintiff's property under an established regulatory regime in violation of the Due Process Clause of the Fourteenth Amendment. (Docket Nos. 13, 14.) Defendants filed a motion for summary judgment on February 12, 2010. (Docket No. 37.) Plaintiff filed papers on

-1-

March 5, 2010 that included plaintiff's declaration signed under penalty of perjury, which the court construes as an opposition to summary judgment. (Docket No. 39.) The Court provided Lopez with notice of the requirements for opposing summary judgment by orders filed June 17, 2009 and February 23, 2010. *See Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). (Docket Nos. 20, 38.)

## II. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might

affect the outcome of the suit under the governing law, and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider or by specifically referencing any other portions of the record they wish the Court to consider. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

### III. Undisputed Facts

1. Plaintiff Lopez was moved from general population to an administrative segregation unit in March 2007. (Docket No. 37; Docket No. 1 at 3.)

2. Lopez was reclassified to privilege group C on August 8, 2007. (Docket No. 37 Exhs. 5, 9.)

3. Around the same time, items of Lopez's personal property were removed from storage. Lopez was told they would no longer be stored and he was given the option to mail them to a willing recipient (if he could come up with sufficient funds). (Docket No. 39 at 2; Docket No. 37 Exh. 1.)[1]

4. Lopez did not elect to have his property mailed to a willing recipient. (Docket No. 37 Exh. 5.)

5. Correctional Officer Heath disposed of Lopez's property on August 9, 2007. (Docket No. 37 Exh. 1.)

### IV. Fourteenth Amendment Claim for Deprivation of Property

When the Court screened Lopez's amended complaint in accordance with 28 U.S.C. § 1915A, it determined that he stated a cognizable claim for deprivation of property without due process of law in violation of the Due Process Clause of the Fourteenth Amendment. (Docket No. 14.)

The viability of Lopez's due process claim turns in part on whether or not the alleged deprivation of property by prison officials was *authorized* by state law. On the one hand, the Supreme Court has held that an *authorized deprivation*, "caused by conduct pursuant to established

---

[1] The parties dispute when Lopez was presented with this choice. Lopez claims it occurred August 6, 2007, two days before he was reclassified to "C" status. Docket No. 13 at 2 and Exh. A. Defendants claim it occurred after he was reclassified to "C" status. Docket No. 37 at 4.

state procedure, rather than random and unauthorized action[,]" may support a constitutional due process claim regardless of the postdeprivation remedies the state may provide. *Hudson v. Palmer*, 468 U.S. 517, 532 & n.13 (1984). On the other hand, the Supreme Court has explained that "an *unauthorized* . . . deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.* at 533 (emphasis added). This is because "[i]t is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place" when state has not authorized the deprivation. *Id.* at 532. Lopez does not challenge the adequacy of the postdeprivation remedies that California provides and in any event the Ninth Circuit has held that "California Law provides an adequate postdeprivation remedy for any property deprivations [by state employees]." *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).

Although this Court's screening order construed Lopez's pro se amended complaint to allege an *authorized* deprivation of property pursuant to an established state procedure, Lopez has declined to pursue any such claim. In his opposition to summary judgment and deposition testimony, Lopez contends that defendants *lacked authority* under the state regulations to cease storing his property, because his disciplinary record was insufficient to justify reclassifying him to a privilege group not entitled to have property stored and in any event because he had not yet been reclassified when prison officials ceased storing his property. *See* Dkt. 39 (Lopez's Sworn Decl. in Opp to SJ) at 2 ("I told officer C. Heath that under Title 15 Article 9 Section 3191 (R)(S) [of the applicable state regulations] all my property have to be inventoried and stored."); *id.* at 3 ("I not have to send all my property to home and my television either for those two (2) rule violation."); Dkt. 37 Exh. 5 (Lopez Depo.) ("Q: So is it your belief – or, rather, is it your allegation in this lawsuit that the – when the officers allegedly destroyed your property, that was in violation of the [California Code Regulations]? A: That's correct, yes.").

Because Lopez alleges an *unauthorized* deprivation of property for which the state has provided adequate postdeprivation remedies, his federal constitutional due process claim fails as a matter of law and summary judgment is proper for all defendants.

**V. Other Issues**

Even if the Court had recognized in its screening order a claim that Lopez's reclassification to privilege group C violated due process, that claim would also fail because no interest that triggers the protection of the Due Process Clause is implicated.  Only those deprivations that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" are subject to due process review.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Defendants contend that Lopez's reclassification to privilege group C and the state's attendant refusal to store entertainment appliances during Lopez's tenure in administrative segregation are not atypical or significant hardships in this sense.  *See Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997) (no constitutional liberty or property interest in prison security classification); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987) ("[A] prisoner has no constitutional right to a particular classification status.") (internal quotation marks omitted).  Lopez has not established any genuine dispute on this issue.

### VI. Qualified Immunity

Defendants argue in the alternative that they are entitled to qualified immunity.  The Court does not reach this issue because it has granted summary judgment on other grounds.

### VI. Conclusion

Lopez has not submitted any evidence raising a triable issue of fact on his claim that defendants deprived him of property under an established regulatory regime in violation of the Due Process Clause of the Fourteenth Amendment.  Therefore, defendants are entitled to judgment as a matter of law.  It is hereby ordered that:

1. Defendants' motion for summary judgment, filed February 12, 2010 (Docket No. 37) is GRANTED.

2. The Clerk of the Court shall enter judgment for defendants Dion, Rogel and Heath and against plaintiff Lopez in accordance with this order, dismiss all pending motions as moot or without merit and close the file.

//

IT IS SO ORDERED.

Dated:   April 14, 2010        /s/ Raymond C. Fisher
UNITED STATES CIRCUIT JUDGE
Sitting by Designation